FILED
SEP 03 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

MICHELLE C. MATHIS
5535 Westlawn Avenue, Apt 179
Los Angeles, CA 90066
(310) 801-2959
Email: michelle.mathis88@icloud.com

MICHELLE C. MATHIS, IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| MICHELLE C. MATHIS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | CHAPTER 7 BANKRUPTCY CASE<br>Case No.: 19-13660-ER<br><br>ADV. NO.<br><br>COMPLAINT FILED:<br>DEPT:<br>JUDGE: |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

**PURSUANT TO 11 U.S.C. §523 (a) (8)**

Michelle C. Mathis, Debtor and Plaintiff in the above captioned adversary proceeding, represents as follows:

1. Michelle C. Mathis filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on April 1, 2019. Heide Kurtz is the duly appointed Chapter 7 trustee. This complaint seeks to determine the dischargeability of a student loan as it presents an undue hardship for the Debtor.

2. One of the unsecured debts owing by the Debtor and listed on Schedule F—Creditors Holding Unsecured Nonpriority Claims– is a student loan owing to the U.S.

Department of Education, listed as one of its approved loan servicing organizations, FedLoan Servicing.

3. This loan was incurred to pay expenses at Smith College, Northampton, Massachusetts and California State University, Long Beach, for a Bachelor of Arts Degree in Neuroscience and Psychology and a Single Subject Preliminary Teaching Certificate in Foundational Sciences, respectively.

## JURISDICTION

4. Defendant, United States Department of Education, maintains its address under affiliated creditor name, Fedloan Servicing, at P.O. Box 60610, Harrisburg, Pennsylvania 17106.

5. Jurisdiction exists under 28 U.S.C. § 1409 (a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157 (a). This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(1). This adversary complaint is brought pursuant to 11 U.S.C. §523(a)(8).

## FACTUAL ALLEGATIONS

6. The Plaintiff, Michelle C. Mathis, is a 31-year-old single multiethnic woman living in Los Angeles, California.

7. Plaintiff currently is being impacted by the national coronavirus (COVID-19) pandemic, including riots and government shutdowns especially in the Los Angeles County, and receiving pandemic assistance via unemployment after recently filing for Chapter 7 Bankruptcy in April 2019.

8. Plaintiff is the youngest of six children, growing up with a first-generation immigrant mother with paranoia/delusional and compulsive hoarding disorder(s) and a father with the inability to control all circumstances that arose due to his extensive work hours as an Air Force Base Civilian and health conditions (such as Diabetes, Post-traumatic Stress Disorder (PTSD) from serving in the U.S. Military during Vietnam War).

9. Plaintiff over the course of her childhood dealt with her mother's hoarding and delusions of the potential harm such as thief and robbery from neighboring people and close friends of the family. Plaintiffs mother's housekeeping declined significantly creating burdens to her family's everyday lives. The hoarding created a

toxic home environment often dealing with massive amounts of piled loose trash mixed in with everyday necessities such as towels, clothing and appliances. Resulting from the compulsive hoarding disorder, other hazards came about such as rancidity of flooring, pest infestations, molding and bacterial growths in areas such as the bathroom and kitchen. This severely impacted the Plaintiffs household fiscally wasting resources on eating out since the kitchen was often not suitable for handling food preparation and throwing away many household and personal items that molded over due to being left in some hidden pile for days on end. After a certain point it became unmanageable and led to health inspectors visiting and financial hardships leading to evictions and over the course of the Plaintiffs early life moving from place to place every few months to few years. These conditions persisted into the Plaintiffs early adulthood which placed the burden of accommodating her undergraduate college vacation stays onto her siblings whose lives were also instable.

10. Prior to beginning her out-of-state undergraduate degree was already faced with special circumstances and was often necessary to return home to California during long summer and winter breaks due to inability to afford on campus or local accommodations in Northampton, Massachusetts. The Plaintiff was stretched beyond her means due to the long-distance traveling required and inability to work outside of her school program. Most of the Plaintiffs income was from program funding for volunteering and interning which did not help her in finding gainful employment post-graduation.

11. During the course of the Plaintiffs undergraduate, 2006-2010, she developed seasonal depressions and experienced relapses in mood and mental stability from dealing with the burdens of financial frugality and rigorous, excessive course loads without many academic or financial supports outside of the school's administrative resources, which she had already received the maximum student work hours allotted.

12. Around April 2010, Plaintiff experienced adverse reaction to psychoactive drug unintentionally ingested at a social gathering in the final weeks of her senior semester. Plaintiff was placed on a hospital stay due to her bad reaction and since it was nearing the end of the final term, was forced to withdrawal from two courses which she'd missed the finals, setting her back a few credits necessary for graduation. This incident also led to mental declines and clinical depression she dealt

ADVERSARY PROCEEDING COMPLAINT

with for the following two years post-graduation. Despite these factors, the Plaintiff completed her undergraduate credit shortage at a community college and was awarded her undergraduate degree in Neuroscience and Psychology in early 2011. In 2012, Plaintiff began receiving Social Security Income and soon after became stable and self-reliant finding independent housing and assistance while re-enrolling into a Teacher Credential Program at a local University in 2013.

13. Due to the Plaintiffs full-time attendance during her undergraduate and again in her credential program, her actual work experience leaving college was not suitable for everyday occupations often leaving her with entry level positions or unstable economic conditions. The Plaintiff accepted lower level positions such as instructional aide for special education which she faced discrimination for being overqualified and dealt with many issues finding alternative options for steady employment.

14. Despite these setbacks, the Plaintiff completed her preliminary credential with high regards in the Fall 2016 and was qualified to teach foundational sciences with an added authorization in teaching psychology and English as a second language (ESL) course(s).

15. After teaching at a local district for three semester terms, the Plaintiff left the district on constructive discharge in late 2018 after a Whistleblower Retaliation took place while working as a Science Teacher, which is currently in litigation in Civil Court.

16. During this same period, the Plaintiff's financed vehicle was totaled in an Auto Accident causing soft tissue injuries and bodily strains that persisted for months thereafter. Due to her vehicle loss and job loss occurring within the same period of time, the Plaintiff was not able to find gainful employment continued receiving Social Security Income and Unemployment Assistance during this period.

17. Soon after the onset of these events, the Plaintiff was overwhelmed with financial responsibilities and unable to repay many of her expenses and debts leading her to file a Chapter 7 after being economically impacted by her employer's retaliation and temporary loss of transportation as well as suffering personal injury.

18. The Plaintiff was unable to afford the litigation costs of either her auto accident nor her Chapter 7 bankruptcy and represented herself as a Pro Se Litigant in both cases and continues to represent herself in this adversary proceeding complaint as well as the civil case against her former employer.

19. Due to the unpaid hours of working as a Pro Se Litigant, the Plaintiff is unable to work more than part-time and often unemployed and dependent on government assistance since late 2018.

20. Beginning in March 2020, the Plaintiffs post-bankruptcy recovery was greatly impacted by the COVID-19 pandemic. Events impacting the Plaintiff include shutdowns of several businesses and dire conditions caused by social unrest and riots especially in the population dense major city of Los Angeles, California.

21. The Plaintiff made good faith efforts to repay her student loan(s) which were in forbearance between 2013- 2016 while completing the Single Subject Credential Program in Foundational Sciences with the California State University, Long Beach. The Plaintiff's student loans were in deferment shortly after her constructive discharge in 2018 from the school district and again after filing for the Chapter 7 Bankruptcy in 2019. Plaintiffs student loan(s) are suspended in accordance with the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) until December 31, 2020.

22. During the credential program, Plaintiff received TEACH Grants amounting in $5598, over three full time terms during 2013-2016, including 20 weeks of unpaid student teaching to complete her preliminary credential in Fall 2016. The grants are not included in the total amount owed but can potentially be reversed to a loan with compiled interest if the Plaintiff is unable to meet her grant obligations.

23. The Plaintiffs TEACH Grant agreement requires specific obligations be completed during an 8-year period. The Plaintiffs ability to complete these terms is interrupted by her former employers' retaliation. The district denied signing off on the Plaintiffs initial teaching service hours to count towards her grant obligation.

24. The Plaintiff has undergone a tremendous amount of psychological and emotional distress due to the issues impacting her employment and ability to meet her program obligations. Even after years of being resilient and preserving, the Plaintiff is overwhelmed by her emotional and mental challenges which have significantly impacted her ability to work full-time or return to higher education programming(s).

25. The Plaintiff is enduring the economic impacts of her job loss and is unable to maintain her minimal standard of living, based on regional statistics she is below the average individual income of a person(s) living in California which is $57,962, according to US Census Data.

26. The Plaintiff currently owes over $6000 of rent payments issued during the government shutdown, which impacts her ability to repay any additional financial obligations on top of her monthly rent. The Plaintiff's rent repayments during the pandemic would require $544 per month repayments over the next year on top of her monthly rent of $1600. Along with the current state of affairs, the Plaintiffs ability to repay these student loan(s) while maintaining her minimal standard of living (covering basic costs such as housing, food, transportation, clothing, etc.) is now nearly impossible and overwhelming with the little income she is currently receiving.

27. The financial recovery for the economy after the pandemic ends as well as the Plaintiff is likely to persist for a great portion of the repayment period of the student loan(s).

28. The Plaintiff's return to teaching is unlikely due to the defamatory actions of the school district employer retaliation that took place during her former teaching position. The Plaintiff suffers continued injury to her professional reputation due to the callous nature of the former employer whistleblower retaliation. Plaintiffs good standing and high regards in the field of teaching has withered from the extended period of her delayed experience due to the unresponsiveness of her former employer refusing to provide information and recommendations to work at another district in the same field. For the reasons mentioned it's highly unlikely for the Plaintiff to complete her teaching service agreement and repay the grants and loans she acquired through the credential program at the California State University, Long Beach, on top of her undergraduate degree student loans.

29. The Plaintiff is now left with several loans and grants which will not be eligible to be reduced and will default as loans with interest if she is unable to clear her credential through further teaching experience at an eligible K-12 educational institution.

**FIRST CAUSE OF ACTION**

The Plaintiff hereby incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein and for a cause of action as follows:

30. Plaintiff is indebted to the Defendant in the approximate sum of $77, 399 for education loans made by the Defendant to the Plaintiff.

31. Plaintiff is responsible for meeting obligations to maintain the grant status of an additional $5,598 worth of TEACH grants owed to the Plaintiff. Without completing this service, the grants will be turned into loans with interest.
32. Requiring Plaintiff to repay these debts will impose undue hardships on the Debtor as contemplated under 11 U.S.C. §523(a)(8) and listed in paragraphs 1 through 29.
33. Based upon Plaintiff's current income and expenses, Plaintiff cannot maintain a minimum standard of living if forced to repay the loan. Plaintiff believes that her economic state of affairs has persisted for several years and continues to persist for a good portion of the repayment period in which her loans were either in deferment or forbearance and she has made good faith efforts to repay the loans.
34. The Debtor has filed for bankruptcy for reasons other than just to discharge her loans.

WHEREFORE, the Debtor asks this court to enter an Order declaring the student loan debt to be dischargeable.

DATED: September 2, 2020

_____
MICHELLE C. MATHIS
In Pro Per

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Michelle C. Mathis | **DEFENDANTS**<br>United States Department of Education |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Michelle C. Mathis, Pro Se Litigant<br>5535 Westlawn Avenue, Apt 179<br>Los Angeles, CA 90066<br>p: (310) 801-2959 | **ATTORNEYS** (If Known)<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530-0001 |
| **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Proceeding Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §523 (a)(8)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $77399, not including $5598 TEACH grant obligation dismissal |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Michelle C. Mathis || BANKRUPTCY CASE NO.<br>19-13660-ER ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest M. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* ||||
| DATE<br>09/03/20 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michelle C. Mathis, Pro Se |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

<u>CENTRAL</u> District Of <u>CALIFORNIA</u>

| | | |
|---|---|---|
| In re <u>Michelle C. Mathis</u>, | ) | Case No. <u>19-13660-ER</u> |
| Debtor | ) | |
| | ) | Chapter <u>7</u> |
| | ) | |
| <u>Michelle C. Mathis</u> | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| <u>United States Department of Education</u> | ) | |
| Defendant | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES, CA 90012

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Michelle C. Mathis, Pro Se Litigant
5535 Westlawn Avenue, Apt 179
Los Angeles, CA 90066
(310) 801-2959

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____     By: _____(Deputy Clerk)

B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I, __Michelle C. Mathis__ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑ Residence Service: By leaving the process with the following adult at:

❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑ Publication: The defendant was served as follows: [Describe briefly]

❑ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____    Signature _____

Print Name: _____

Business Address: _____

_____

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MICHELLE C. MATHIS, PRO SE LITIGANT<br>5535 Westlawn Avenue, Apt 179<br>Los Angeles, CA 90066<br>(310) 801-2959<br>Email:  michelle.mathis88@icloud.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>MICHELLE C. MATHIS<br><br><br><br>Debtor(s). | CASE NO.: 19-3660-ER<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| MICHELLE C. MATHIS<br><br><br>Plaintiff(s)<br>Versus<br>UNITED STATES DEPARTMENT OF EDUCATION<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** _____
>
> **Address:**
> [X]  255 East Temple Street, Los Angeles, CA 90012
> [ ]  3420 Twelfth Street, Riverside, CA 92501
> [ ]  411 West Fourth Street, Santa Ana, CA 92701
> [ ]  1415 State Street, Santa Barbara, CA 93101
> [ ]  21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 1    F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        **KATHLEEN J. CAMPBELL**
                                        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                        By: _____
                                                  Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                              Page 2                                           **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5535 Westlawn Avenue, Apt 179
Los Angeles, CA 90066

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
ADVERSARY PROCEEDING COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

PURSUANT TO 11 U.S.C. §523 (a) (8)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  MICHELLE C. MATHIS  _____
*Date*          *Printed Name*        *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                         Page 3                         F 7004-1.SUMMONS.ADV.PROC

In re: Michelle C. Mathis, debtor
Case Number 19-13660-ER

Regular Mail Service

Office of the United States Trustee
915 Wilshire Blvd, suite 1850
Los Angeles, CA 90017
(213) 894-6811

Attorney General of the United States
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

FedLoan Servicing
P.O. Box 60610
Harrisburg, PA 17106
(800) 699-2908

US Department of Education
Education Department Office of General Counsel
400 Maryland Ave SW, Room 6E353
Washington, DC 20202-2110

Heide Kurtz, Chapter 7 Bankruptcy Trustee
2515 S. Western Ave, suite 11
San Pedro, CA 90732
(310) 832-3604