MICHELLE C. MATHIS
74 Seastar Ct.
Dana Point, CA 92629
(949) 449-9900
Email: michelle.mathis88@icloud.com
Michelle C. Mathis, IN PRO PER

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
RICHARD M. PARK (Cal. Bar No. 236173)
GREGORY J. AGRON (Cal. Bar No. 311844)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Gregory.Agron@usdoj.gov

Attorneys for Federal Defendant,
United States Department of Education

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>MICHELLE C. MATHIS,<br><br>    Debtor.<br><br>MICHELLE C. MATHIS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Case No. 2:12-bk-43269-RN<br><br>Chapter 7<br><br>Adv. No. 2:20-ap-01619-ER<br><br>**JOINT PRE-TRIAL STIPULATION ON ADVERSARY COMPLAINT PURSUANT TO 11 U.S.C. § 523(a)(8)**<br><br>[FRBP 7016 and LBR 7016-1(b)]<br><br>**Pre-Trial Conference:**<br>Date:    September 14, 2021<br>Time:    11:00 a.m.<br>Place:    Ctrm 1568<br>Roybal Courthouse and Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

This is an action for the determination of the dischargeability of student loan debt pursuant to 11 U.S.C. § 523(a)(8).

**A.**     **The following facts are admitted and require no proof:**

1. Debtor Michelle C. Mathis herein (the "Plaintiff") filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Central District of California.

2. Plaintiff thereafter filed an Adversary Complaint to determine dischargeability of educational loan debt pursuant to 11 U.S.C. §523 (a)(8), alleging that, *inter alia*, repayment of the debt would constitute undue hardship.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334.

4. Venue is proper under 28 U.S.C. §1409(a).

5. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(I).

6. On January 25, 2021, defendant United States Department of Education ("Defendant" or "ED") timely filed its Answer to Plaintiff's Complaint.

### PLAINTIFF'S STUDENT LOAN

7. Plaintiff had previously consolidated all of her student loans from her undergraduate degree (awarded in 2011 by Smith College in North Hampton) and then later received a grant to obtain her teaching credential; that grant reverted and has now been added to the principal amount, discussed below.

8. The borrower executed the Federal Direct Consolidation Loan Application and Promissory Note on November 13, 2017.

9. The interest rate on the Loan is a fixed rate of 5.63% per annum. Interest under the Loan accrues on the principal balance at the rate of principal at the rate of $10.67 a day.

10. Plaintiff has never made a single payment on the consolidated loans.

11. As of December 15, 2020, Plaintiff owes the principal sum of $69,209.66, plus accrued interest of $8,189.12, for a total debt of **$77,339.14.** on her Consolidation Loan.

12. Plaintiff is presently employed as an independent contractor for a food and shopping service but has previously been employed as a special education instructional aide, a science teacher, a substitute teacher, event promoter, and has previously worked in product promotion and as a bartender.

13. Plaintiff is 32 years old.

14. Plaintiff has an undergraduate degree from Smith College in with a double major in neuroscience and behavioral psychology, as well as a teaching credential.

15. Plaintiffs is not married and has no dependents.

15. Plaintiffs lives in a residence located at 74 Seastar Court, Dana Point, California 92629 ("Residence"), for which Plaintiff pays $1985 a month.

16. Plaintiff leases a 2021 Toyota Corolla, for which she pays approximately $592 dollars a month.

17. On a monthly basis Plaintiff pays approximately $500-800 dollars on clothing, $300 dollars on personal care, $172 on internet and phone, $275 dollars for credit card payments, and an additional $175 for health supplements.

17. Neither the Bankruptcy Code nor the Department of Education Regulations requires debtors to be evaluated by the Federal Poverty Guidelines.

**B.    The following issues of fact remain to be litigated:**

1. Whether requiring Plaintiff to repay this debt will impose undue hardship as contemplated under 11 U.S.C. § 523(a)(8).

**C.    The following mixed issues of fact and law remain to be litigated:**

1. Whether Plaintiff, based on current income and expenses, can maintain a "minimal" standard of living for herself if forced to repay the loan.

2. Whether additional circumstances exist which demonstrate that Plaintiff's alleged current state of affairs is likely to persist for a significant portion of the standard repayment period of the educational loans.

3. Whether Plaintiff has made a good faith effort to repay her educational

loan debt.

**D. <u>The following issues of law, and no others, remain to be litigated:</u>**

1. Whether Plaintiff can meet the requirements of the three-part *Brunner* test for undue hardship, as adopted by the Ninth Circuit in *United Student Aid Funds v. Pena*, 155 F.3d 1108 (9th Cir. 1998).

2. Whether Plaintiffs "must" meet the requirements of the three-part *Brunner* test for undue hardship, as adopted by the Ninth Circuit in *United Student Aid Funds v. Pena*, 155 F.3d 1108 (9th Cir. 1998).

3. Whether the three-part *Brunner* test for undue hardship, as adopted by the Ninth Circuit in *Pena* is still a relevant and accurate method for determining whether an individual meets the undue hardship threshold for discharge.

E. A list of exhibits intended to be offered at trial by the Parties, other than exhibits to be used for impeachment only, are attached hereto.

F. The parties have exchanged a list of witnesses to be called at trial, other than those contemplated to be used for impeachment or rebuttal. Attached is a list of witnesses intended to be offered at trial by the parties.

H. All discovery is complete, with the exception of subpoenaed wage records from the Employment Development Department (EDD), which are estimated to arrive shortly before trial.

I. The parties are ready for trial.

J. The estimated length of trial is 1-2 days.

K. The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 31, 2021 | TRACY L. WILKISON<br>Acting United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, General Civil Section |
|  | By: /s/ *Richard Park*<br>RICHARD M. PARK<br>GREGORY J. AGRON<br>Assistant United States Attorneys<br>Attorneys for Federal Defendant,<br>U. S. Department of Education |
| Dated: August 31, 2021 | By: /s/ Michelle C. Mathis<br>MICHELLE C. MATHIS |

# PLAINTIFF'S WITNESS LIST

1. <u>MICHELLE CLAUDIA MATHIS, Self-represented party to the case, Plaintiff.</u> Testifying to allegations in the complaint and factual information to support the dischargeability of student loan debts owed in bankruptcy under 11 U.S.C. 523 (a) (8) "undue hardships".

# DEFENDANT'S WITNESS LIST

1. <u>CRISTIN BULMAN</u>

Cristin Bulman is a Loan Analyst with the Defendant who will testify regarding the rules and regulations regarding student loans generally and regarding the various repayment plan options offered by the Defendant for which Plaintiffs are eligible.

2. <u>MICHELLE C. MATHIS</u>

Plaintiff will testify regarding the allegations in the Complaint as it regards Defendant, including, but not limited to her financial condition, both past and present, and with regard to the facts necessary to prove undue hardship pursuant to 11 U.S.C. §523(a)(8).

**PLAINTIFF'S EXHIBIT LIST**

1. Plaintiff's Complaint for Dischargeability of Student Loan Debt.
2. Plaintiff's Response to Defendant's Interrogatories [Set One/Amended].
3. Plaintiff's current post-Bankruptcy debt statements.
4. Plaintiff's SSA recent documents.
5. Plaintiff's ED loan servicing communications history.
6. Plaintiff's 1203.4 Dismissals from prior Misdemeanors Convictions
7. Plaintiff's Psychological Evaluation by Mission City (emotional support animal approval).
8. Plaintiff's Civil Complaint for Employer's Whistleblower retaliation.
9. Plaintiff's denied TEACH Grant requirements & loan conversion.

**DEFENDANT'S EXHIBIT LIST**

A. Plaintiff's Promissory Note
B. Plaintiff's Voluntary Petition and Bankruptcy Schedules
C. Plaintiff's Complaint for Dischargeability of Student Loan Debt
D. Defendant's Answer to Plaintiffs' Complaint for Dischargeability of Student Loan Debt
E. Plaintiff's Housing Lease
F. Plaintiff's Bank Statements
G. Plaintiff's employment applications
H. Letter to Plaintiff Regarding Repayment Options from ED (dated 8/30/21)
I. Defendant's Initial Disclosures
J. Defendant's Request for Admissions [Set One]
K. Defendant's Interrogatories [Set One]
L. Defendant's Request for Production of Documents [Set One]
M. Plaintiff's Response to Defendant's Request for Admissions [Set One]

N.     Plaintiff's Response to Defendant's Interrogatories [Set One]

O.     Plaintiff's Response to Defendant's Request for Production of Documents to Scott Sahadi [Set One]

P.     Defendant's Federal Student Aid Calculation Results

Q.     Deposition Transcript of Plaintiff, dated 6/23/2021

R.     Defendant's *Certificate of Indebtedness* regarding Plaintiff's student loans